IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY BOLDEN, # 130861, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-589-ECM-SMD |
| | ) |
| CYNTHIA STEWART, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Jimmy Bolden on August 25, 2017. (Doc. 1).[1] Bolden challenges his 2007 Elmore County conviction for first-degree sexual abuse and his resulting sentence of 15 years in prison. According to Bolden, his 15-year sentence exceeded the authorized maximum for his offense. *See* (Doc. 1) at 2–3. Respondents argue that Bolden's petition is time-barred under the federal limitation period. *See* (Doc. 8) at 3–4. The Court agrees and finds Bolden's petition should be denied without an evidentiary hearing and this case dismissed with prejudice.

---

[1] References to document numbers (Doc(s).) are to the pleadings, motions, and other materials in the court file as designated by the Clerk of Court on the docket sheet in this action. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## II.  DISCUSSION

A.  **AEDPA's One-Year Limitation Period**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

B.  **State Court Proceedings**

On March 29, 2007, Bolden pled guilty in the Elmore County Circuit Court to first-degree sexual abuse in violation of § 13A-6-66, Ala. Code.  *See* (Doc. 8-8) at 1.  That same

2

date, the trial court sentenced Bolden to 15 years in prison. Bolden did not appeal. On March 1, 2013, Bolden filed a *pro se* petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. *See* (Doc. 8-1) at 14; (Doc. 8-8) at 1–2. In his Rule 32 petition, Bolden alleged that his trial counsel was ineffective for misinforming him that he would be eligible to earn good-time credit on his sentence. (Doc. 8-1) at 16–22. Bolden subsequently withdrew the Rule 32 petition but filed another Rule 32 petition in May 2016. *See* (Doc. 8-1) at 55 & 68. That Rule 32 petition, in which Bolden argued that the trial court was without jurisdiction to render judgment or to impose sentence and that his sentence exceeded the maximum authorized by law, was denied by the trial court on August 24, 2016. (Doc. 8-1) at 77. Bolden appealed, and on April 21, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of the Rule 32 petition. (Doc. 8-8). Bolden did not apply for rehearing, and a certificate of judgment was entered on May 10, 2017.

**C.     Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period for filing a § 2254 petition runs from the date on which the state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Because Bolden took no direct appeal, his conviction became final on May 10, 2007—forty-two days after his March 29, 2007 sentencing—because that was the date after which direct review could no longer be pursued. *See* Ala. R. App. P. 4(b)(1) (criminal defendants in Alabama must file notice of appeal within 42

days after sentencing); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and imposition of sentence], when the time for filing a direct appeal expired."). Under § 2244(d)(1)(A), then, AEDPA's one-year limitation period commenced on May 10, 2007. Absent statutory or equitable tolling, the limitation period expired for Bolden on May 10, 2008.

*1.   Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging a petitioner's conviction and sentence. *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006). Although Bolden filed a Rule 32 petition on March 1, 2013 (which he later withdrew), and he filed a second Rule 32 petition in May 2016, those filings (and any related state court proceedings) had no tolling effect under § 2244(d)(2) because AEDPA's limitation period ran unabated for the entire year after May 10, 2007, before expiring on May 10, 2008. A Rule 32 petition will not toll AEDPA's limitation period if that period has expired before the Rule 32 petition is filed. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.;*

4

*see also, e.g., Tinker*, 255 F.3d at 1333 (where the state court application for post-conviction relief is filed after the one-year statute of limitation has expired, it does not toll the statute because no time remains to be tolled).

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B) to (D) do not provide safe harbor for Bolden by affording a different triggering date such that AEDPA's limitation period commenced on some date later than May 10, 2007, or expired on some date later than May 10, 2008. There is no evidence that an unlawful state action impeded Bolden from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Bolden submits no ground for relief with a factual predicate not discoverable earlier with due diligence. *See* 28 U.S.C. § 2244(d)(1)(D). Bolden also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

Bolden filed his § 2254 petition on August 25, 2017, over nine years after the May 10, 2008 expiration of AEDPA's limitation period. *See* 28 U.S.C. § 2244(d)(1)(A).

2.   *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The burden of

establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Bolden seems to suggest he is entitled to equitable tolling because his 2016 appeal from the denial of his Rule 32 petition was twice remanded for the trial court to make findings before the trial court's judgment denying Rule 32 relief was ultimately affirmed in April 2017. However, the events Bolden refers to here occurred well after AEDPA's limitation period had expired, and thus there can be no causal connection between those events and Bolden's untimely filing of his § 2254 petition. For a habeas petitioner to obtain relief through equitable tolling, there must be a causal connection between the alleged extraordinary circumstance and the untimely filing of the habeas petition. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *see Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005). Nothing in the record suggests that equitable tolling should apply in Bolden's case.

Because Bolden failed to file his § 2254 petition within AEDPA's one-year limitation petition, his petition is time-barred and his claims are subject to no further review by this court.[2]

---

[2] Bolden claims his sentence exceeded the maximum authorized for his offense and that the trial court was without jurisdiction to impose such sentence. (Doc. 1) at 2–3. There is no exception to AEDPA's limitation period for claims alleging lack of jurisdiction by the state trial court. *See, e.g., Pope v. Butler*, 2012 WL 4479263, at *1 (N.D. Ala. 2012), quoting *Brown v. Patterson*, 2012 WL 3264896, *3 (M.D. Ala. 2012) ("While Pope argues that his claim challenging the validity of his conviction and sentence presents a 'jurisdictional' claim that is not governed by the one-year limitations period of § 2244(d)(1), 'neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law.'"); *see also Owens v. Mitchem*, 2012 WL 4009335, *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitations for a § 2254 claim that the state court lacked subject matter jurisdiction."); *Nettles v. Secretary, Dep't of Corr.*, 2012 WL 1309360, *2 (M.D. Fla. 2012); *Griffin v. Padula*, 518 F.Supp.2d 671, 677 (D.S.C. 2007); *Ahmed v. Hooks*, 2007 WL 128787, *1 (S.D. Ala. 2007); *Beaulieu v. Minnesota*, 583 F.3d 570, 574 (8th Cir. 2009) ("Whether Minnesota had jurisdiction of [the

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before June 7, 2019.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir.1982); 11th Cir. R. 3-1; *Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 24th day of May, 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE

---

petitioner's] claim was a matter for the Minnesota courts to address. [The petitioner] misapprehends the nature of federal habeas review, and we hold that his subject matter jurisdiction claim does not preclude a finding of procedural default.").